Filed 6/16/21  P. v. Maldonado CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>RENE MALDONADO,<br><br>        Defendant and Appellant. | B308783<br><br>(Los Angeles County<br>Super. Ct. No. PA045406) |

APPEAL from an order of the Superior Court of Los Angeles County, Daniel B. Feldstern, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

We affirm the trial court's order summarily denying petitioner Rene Maldonado's Penal Code section 1170.95 petition for resentencing.[1]  The trial court correctly concluded that Maldonado was ineligible for relief as a matter of law for the following independent reasons:  (1) Maldonado was not convicted on a theory of felony murder or natural and probable consequences; and (2) Maldonado was convicted of attempted murder.  Section 1170.95 does not provide retroactive relief for defendants convicted of attempted murder.  We further hold that the trial court did not err in not appointing counsel to represent Maldonado because Maldonado was categorically ineligible for relief.

## BACKGROUND

Maldonado, a member of the Pacoima Project Boys, attempted to kill Adam Smith, a member of the Pacoima 13 street gang and Smith's girlfriend.  (*People v. Maldonado* (Jan. 22, 2007, B18992) [nonpub opn.] (*Maldonado I*).)  A jury convicted Maldonado of two counts of attempted first degree murder and two counts of being a felon in possession of a firearm. (*People v. Maldonado* (July 30, 2019, B292272) [nonpub. opn.] (*Maldonado II*).)  The jury found that the attempted murders were committed willfully, deliberately, and with premeditation, and that a principal personally and intentionally used and discharged a firearm within the meaning of section 12022.53, subdivisions (b), (c), and (e)(1).  (*Ibid*.)  The jury also found that Maldonado committed his crimes for the benefit of a criminal street gang.  (*Ibid*.)  Maldonado admitted a prior serious or

---

[1]  All statutory citations are to the Penal Code.

2

violent felony conviction and a prior conviction within the meaning of section 667.5, subdivision (b).  (*Ibid.*)

Following Maldonado's first appeal, this court reversed one conviction for being a felon in possession of a firearm. (*Maldonado II*, *supra*, B292272.)  Following remand from Maldonado's second appeal, the trial court struck the section 667.5, subdivision (b) enhancement.

## 1.    *Petition for resentencing*

On July 31, 2020, Maldonado filed a petition for resentencing pursuant to section 1170.95.  Maldonado stated that he "was convicted of attempted murder under the aiding and abetting theory for vicarious liability of the actions of his co-defendant."  Maldonado also stated that he "was not the actual shooter" and that he was eligible for resentencing.  Maldonado contended section 1170.95 permits resentencing on convictions of attempted murder.

## 2.    *Order denying petition*

The trial court denied Maldonado's petition without appointing counsel and without holding a hearing.  The court concluded that Maldonado was not eligible for relief as a matter of law.  The trial court explained that Maldonado's criminal trial did not include theories of felony murder or natural and probable consequences.  The trial court also reasoned that section 1170.95 resentencing relief does not extend to convictions for attempted murder.

# DISCUSSION

**A.** **Section 1170.95 Provides Potential Resentencing of Persons Previously Convicted of Murder Based on a Felony Murder or Natural and Probable Consequence Theory**

To be convicted of murder, a jury must ordinarily find that the defendant acted with the requisite mental state, known as " 'malice aforethought.' " (*People v. Chun* (2009) 45 Cal.4th 1172, 1181, quoting § 187, subd. (a).)  Until recently, the felony murder rule provided an exception that made "a killing while committing certain felonies murder without the necessity of further examining the defendant's mental state." (*Chun*, at p. 1182.)  Also, until recently, the natural and probable consequences doctrine permitted a " ' "person who knowingly aids and abets [the] criminal conduct [of another person] is guilty of not only the intended crime . . . but also of any other crime the [other person] actually commits . . . that is a natural and probable consequence of the intended crime." ' " (*People v. Chiu* (2014) 59 Cal.4th 155, 161; see also *People v. Gentile* (2020) 10 Cal.5th 830, 845–846.)

Senate Bill No. 1437 (2017–2018 Reg. Sess.), which became effective January 1, 2019, raised the level of culpability required for murder liability to be imposed under a felony murder or natural and probable consequences theory.  (See Stats. 2018, ch. 1015, § 1, subd. (f).)  The bill amended section 189, which defines the degrees of murder, to limit murder liability based on felony murder or a natural and probable consequences theory for a person who:  (1) was the actual killer; (2) though not the actual killer, acted "with the intent to kill" and "aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer" in the commission of first degree murder; or

4

(3) was "a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e); *People v. Verdugo* (2020) 44 Cal.App.5th 320, 326, review granted Mar. 18, 2020, S260493.) Senate Bill No. 1437 also amended the definition of malice in section 188 to provide that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); *Verdugo, supra*, at p. 326, review granted.)

In addition to amending sections 188 and 189, the Legislature enacted section 1170.95. (Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019.) That provision authorizes a person convicted of felony murder or murder under a natural and probable consequences theory to file with the sentencing court a petition to vacate the conviction and be resentenced. (§ 1170.95, subd. (a).) Senate Bill No. 1437 did not alter liability for murder based on direct aiding and abetting. (See *People v. Gentile, supra*, 10 Cal.5th at pp. 843–844.) If the trial court did not instruct the jury on murder liability based on a theory of felony murder or natural and probable consequences, the petitioner cannot, as a matter of law, demonstrate he or she is eligible for section 1170.95 relief. (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055, review granted Sept. 23, 2020, S263939.)

## B. Maldonado is Ineligible For Relief Because He Was Convicted as a Direct Aider and Abettor

Maldonado was not convicted based on a no longer viable theory of murder. As Maldonado recognizes, there is no crime of attempted felony murder. (*People v. Billa* (2003) 31 Cal.4th 1064, 1071, fn. 4.) Although Maldonado argues that he could have been

5

convicted based on a natural and probable consequences theory, the record does not support his contention.

After giving the introductory instruction on aiding and abetting,[2] the trial court instructed the jury that to convict Maldonado as an aider and abettor, the jury had to find Maldonado harbored the intent to aid and abet the attempted murders.[3] The trial court did not instruct Maldonado's jury with

---

[2] The trial court instructed the jury with CALCRIM No. 400 on general principles of aiding and abetting as follows: "A person may be guilty of a crime in two ways. One, he may have directly committed the crime. Two, he may have aided and abetted someone else, who committed the crime. In these instructions, I will call that other person the 'perpetrator.' A person is equally guilty of the crime whether he committed it personally or aided and abetted the perpetrator who committed it.

"Under some specific circumstances, if the evidence establishes aiding and abetting of one crime, a person may also be found guilty of other crimes that occurred during the commission of the first crime."

[3] The trial court instructed the jury with CALCRIM No. 401 as follows: "To prove that the defendant is guilty of a crime based on aiding and abetting that crime, the People must prove that:

"1.    The perpetrator committed the crime;

"2.    The defendant knew that the perpetrator intended to commit the crime;

"3.    Before or during the commission of the crime, the defendant intended to aid and abet the perpetrator in committing the crime;

"AND

6

CALCRIM Nos. 402 and 403, which define the natural and probable consequences doctrine and identify target and nontarget offenses.

Maldonado correctly points out that the instruction introducing aiding and abetting contains the following language: "Under some specific circumstances, if the evidence establishes aiding and abetting of one crime, a person may also be found guilty of other crimes that occurred during the commission of the first crime." That language, however, was irrelevant to his case because the trial court did not instruct the jury on the natural and probable consequences theory of aiding and abetting. The instructions, taken as a whole, simply did not permit the jury to find Maldonado guilty on a theory of natural and probable consequences because the trial court instructed the jury that it could not convict Maldonado as an aider and abettor unless the jury concluded that Maldonado shared the perpetrator's intent. Another instruction required the People prove beyond a reasonable doubt that "[w]hen the defendant acted" he acted with malice aforethought. The court further instructed the jury that malice aforethought required intent to kill.

Because Maldonado was convicted based on his own state of mind, not on any theory of imputed malice, his conviction remains valid despite changes to sections 188 and 189. Maldonado is ineligible for resentencing under section 1170.95 as

---

"4. The defendant's words or conduct did in fact aid and abet the perpetrator's commission of the crime.

"Someone aids and abets a crime if he knows of the perpetrator's unlawful purpose and he specifically intends to, and does in fact, aid, facilitate, promote, encourage, or instigate the perpetrator's commission of that crime."

a matter of law.  (*People v. Verdugo, supra*, 44 Cal.App.5th at p. 330 ["The record of conviction might also include other information that establishes the petitioner is ineligible for relief as a matter of law because he or she was convicted on a ground that remains valid notwithstanding Senate Bill 1437's amendments to sections 188 and 189 . . . ."].)

## C.     Section 1170.95 Does Not Encompass Attempted Murder

Although there are cases prospectively applying the new murder definitions in sections 188 and 189 to attempted murder,[4] we have found no case holding that a defendant convicted of attempted murder is eligible for resentencing under section 1170.95.  (See, e.g., *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1104–1107, review granted Nov. 13, 2019, S258175; *People v. Larios, supra*, 42 Cal.App.5th at pp. 969–970, review granted; *People v. Love* (2020) 55 Cal.App.5th 273, 292, review granted Dec. 16, 2020, S265445; *People v. Alaybue* (2020) 51 Cal.App.5th 207, 222–223.)  The plain language of the statute permits resentencing for murder only.  It states "[a] person convicted of felony murder or murder under a natural and probable consequences theory may file a petition" for resentencing. (§ 1170.95, subd. (a).)  Further, the petitioner must have been "convicted of first degree or second degree murder . . . ."

---

[4]  See, e.g., *People v. Larios* (2019) 42 Cal.App.5th 956, 964–968, review granted February 26, 2020, S259983; *People v. Medrano* (2019) 42 Cal.App.5th 1001, 1012–1016, review granted March 11, 2020, S259948; *People v. Sanchez* (2020) 46 Cal.App.5th 637, 642–643, review granted June 10, 2020, S261768.

(§ 1170.95, subd. (a)(2).) On its face, the statute does not apply to convictions for attempted murder.

Pending guidance from our high court, we agree with the authority holding that section 1170.95 does not apply to attempted murder. We also agree with the conclusion that there "is a rational basis for the Legislature's decision to grant relief pursuant to section 1170.95 only to murder convictions and exclude attempted murder convictions based on judicial economy and the financial costs associated with reopening both final murder and final attempted murder convictions." (*People v. Larios*, *supra*, 42 Cal.App.5th at p. 970, review granted; see also *People v. Lopez*, *supra*, 38 Cal.App.5th at pp. 1111–1113, review granted.) Additionally, "because the punishment for murder is so much more severe than the punishment for attempted murder, the Legislature may have wished to limit Senate Bill 1437's ameliorative reforms to those instances where it perceived the disconnect between culpability and punishment to be most glaring. It is not our place to judge the wisdom, fairness, or logic of the Legislature's decision to omit attempted murder from Senate Bill 1437's ambit. We do not find the plain meaning of Senate Bill 1437 to be absurd, much less so absurd in its results that we would be permitted to disregard the literal language used in the statute." (*People v. Alaybue*, *supra*, 51 Cal.App.5th at p. 225.)

## D. The Trial Court Did Not Err In Not Appointing Counsel to Represent Maldonado

If, as here, a petitioner fails to make a prima facie showing that he or she falls within the provisions of section 1170.95, we have held that the petitioner is not entitled to appointed counsel. (See, e.g., *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1140,

review granted Mar. 18, 2020, S260598; *People v. Verdugo, supra*, 44 Cal.App.5th at pp. 332–333; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410; but see *People v. Cooper* (2020) 54 Cal.App.5th 106, 123, review granted Nov. 10, 2020, S264684 [holding that section 1170.95, subdivision (c), mandates appointment of counsel upon filing of a facially sufficient petition].)

Even assuming arguendo that Maldonado was entitled to appointed counsel upon filing his petition, any such assumed error would not be structural.  (*People v. Daniel* (2020) 57 Cal.App.5th 666, 675–676, review granted Feb. 24, 2021, S266336.)  Any such failure to appoint counsel, moreover, would be harmless under any standard of prejudice because Maldonado was ineligible for relief under section 1170.95 as a matter of law.  (*People v. Law* (2020) 48 Cal.App.5th 811, 826, review granted July 8, 2020, S262490 [holding failure to appoint counsel harmless beyond a reasonable doubt]; *People v. Cooper, supra*, 54 Cal.App.5th at p. 123 [failure to appoint counsel subject to harmless error analysis].)

## DISPOSITION

The order denying Rene Maldonado's petition for resentencing is affirmed.

NOT TO BE PUBLISHED.

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

CHANEY, J.